IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Case No. _____

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

                Plaintiff,

      v.

CARRABBA'S ITALIAN GRILL, LLC, and
OS RESTAURANT SERVICES, LLC.

                Defendant.
_____/

COMPLAINT

JURY TRIAL DEMANDED

**PLAINTIFF EQUAL EMPLOYMENT OPPORTUNITY COMMISSION'S COMPLAINT AND DEMAND FOR JURY TRIAL**

This is an action under Title VII of the Civil Rights Act of 1964 to correct unlawful employment practices on the basis of sex and to provide appropriate relief to aggrieved females who were adversely affected by such practices. As alleged with greater particularity below, EEOC will establish that Defendants Carrabba's Italian Grill, LLC (Carrabba's) and OS Restaurant Services, LLC ("OSRS") violated Title VII of the Civil Rights Act of 1964 when a manager in the Brandon, Florida Carrabba's subjected female employees to sexual harassment.

## JURISDICTION AND VENUE

1. Jurisdiction of this court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII").

2. The employment practice alleged to be unlawful was committed within the jurisdiction of the United States District Court for the Middle District of Florida, Tampa Division, pursuant to 28 U.S.C. §1391(b).

## PARTIES

3. Plaintiff Equal Employment Opportunity Commission is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. Defendants are affiliated entities related to the operation, ownership, and management of the Carrabba's restaurant located in Brandon, Florida, where the aggrieved female employees were employed.

5. At all relevant times, the Defendants have continuously been doing business in the State of Florida and have each continuously had at least fifteen employees.

6. Defendants had the power to hire, fire, promote, or modify the terms and conditions of employment for the victims of the violations of Title VII described herein.

7. At all relevant times, Defendants have continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## ADMINISTRATIVE PROCEEDINGS

8. More than thirty days prior to the institution of this lawsuit, a Charging Party filed charges of discrimination against Carrabba's and OSRS alleging violations of Title VII on the basis of sex.

9. Prior to institution of this lawsuit, the Commission found reasonable cause that Title VII had been violated as to Charging Party and as to a class of female employees who worked at at Defendants' Carrabba's in Brandon, Florida from May 2018 through November 2018. The Commission issued a Letter of Determination providing notice of that finding. The Letter of Determination invited Defendants to join with the

Commission in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

10. The Commission engaged in communications with Defendants to provide Defendants the opportunity to remedy the discriminatory practices described in the Letter of Determination. The Commission was unable to secure from Defendants a conciliation agreement acceptable to the Commission.

11. Prior to the initiation of this lawsuit, the Commission issued to each Defendant a Notice of Failure of Conciliation.

12. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF FACTS

13. In September 2016, Sean Bommarito began serving as the Managing Partner of the Brandon, Florida Carrabba's location.

14. As the Managing Partner, Mr. Bommarito had overall responsibility and ultimate supervisory authority over the restaurant. He could hire and fire, develop and train, promote and demote, and schedule workers, including assigning sections and sending workers home.

15. Mr. Bommarito subjected female employees to unwelcome conduct and comments of a sexual nature.

16. Mr. Bommarito also explicitly and implicitly linked female employee's employment to her submission to his sexual advances and toleration of the sexual harassment.

17. Female employees indicated to Mr. Bommarito that his conduct was unwelcome and resisted his sexual advances.

18. Carrabba's Managers were aware of Mr. Bommarito's sexual misconduct since 2016 but did nothing to stop it until late November 2018, when Defendants terminated Mr. Bommarito.

## STATEMENT OF CLAIMS

### Count 1: Hostile Work Environment

19. As set forth in paragraphs 13 through 18, Defendants engaged in unlawful employment practices, in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1), when Mr. Bommarito subjected a class of current and/or former female employees at the Brandon, Florida Carrabba's to a hostile work environment based upon their sex.

20. The effect of the practices complained of in paragraphs 13 through 18 has been to deprive a class of female restaurant employees of equal employment opportunities and otherwise adversely affect their status as an employee, because of their sex.

21. The unlawful employment practices complained of in paragraphs 13 through 18 were intentional.

22. The unlawful employment practices complained of in paragraphs 13 through 18 were done with malice or with reckless indifference to the federally protected rights a class of current and/or former female restaurant employees.

**Count 2: Tangible Employment Action Sexual Harassment**

23. As set forth in paragraphs 13 through 18, Defendants engaged in unlawful employment practices, in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1), when Mr. Bommarito subjected a class of current and/or former female employees at the Brandon, Florida Carrabba's to quid pro quo sexual harassment such that a female employee's reaction to the harassment complained of affected tangible aspects of the employee's compensation, terms, conditions, or privileges of employment.

24. The effect of the practices complained of in paragraphs 13 through 18 has been to deprive a class of female restaurant employees of equal employment opportunities and otherwise adversely affect their status as an employee, because of their sex.

25. The unlawful employment practices complained of in paragraphs 13 through 18 were intentional.

26. The unlawful employment practices complained of in paragraphs 13 through 18 were done with malice or with reckless indifference to the federally protected rights a class of current and/or former female restaurant employees.

## **PRAYER FOR RELIEF**

Wherefore the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining the Defendant, its owner, members, agents, managers, supervisors and all persons in active concert or participation with it, from engaging in discriminatory conduct based on sex including, but not limited to, permitting a sexually hostile work environment and permitting quid pro quo sexual harassment such that a female employee's reaction to the harassment complained of affected tangible aspects of the employee's compensation, terms, conditions, or privileges of employment;

B. Order Defendants to institute and carry out policies, practices, and programs which provide equal employment opportunities for female employees and which eradicate the effects of its past and present unlawful employment practices.

C.   Order Defendants to make whole a class or classes of aggrieved female employees subjected to sexual harassment by providing compensatory damages for past and future non-pecuniary losses resulting from the unlawful practices complained of above, including emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses in the amounts to be determined at trial;

D.   Order Defendants to pay female employees subjected to Defendants' intentional unlawful conduct punitive damages for the malicious and reckless conduct described above, in the amounts to be determined at trial;

E.   Grant such further relief as the Court deems necessary and proper in the public interest; and

F.   Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Dated:   October 26, 2021        Respectfully submitted,

                                       GWENDOLYN YOUNG REAMS
                                       Acting General Counsel
                                       U.S. Equal Employment

Opportunity Commission
131 M Street, N.E.
Washington, D.C. 20507

ROBERT E. WEISBERG
Regional Attorney
Florida Bar No: 285676
Email: robert.weisberg@eeoc.gov

KRISTEN FOSLID
Supervisory Trial Attorney
Florida Bar No: 0688681
Email: kristen.foslid@eeoc.gov

AUSTIN CASE
Trial Attorney
Email: austin.case@eeoc.gov

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Miami District Office
Miami Tower
100 S.E. 2nd Street, Suite 1500
Miami, Florida 33131

*s/Chelsae Johansen Ford*
CHELSAE JOHANSEN FORD
Trial Attorney
Florida Bar No. 106029
Email: Chelsae.Ford@eeoc.gov

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Tampa Field Office
501 E. Polk Street, Suite 1000
Tampa, FL 33602
Tel: 813.710.9346

9