IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Case No. 8:21-cv-2507

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

        Plaintiff,

v.

CARRABBA'S ITALIAN GRILL LLC, and
OS RESTAURANT SERVICES, LLC.

        Defendants.
_____/

## CONSENT DECREE

This Consent Decree ("Decree") is made and entered into by and between the United States Equal Employment Opportunity Commission ("Commission" or the "EEOC"), and Carrabba's Italian Grill, LLC ("Carrabba's") and OS Restaurant Services, LLC (hereinafter EEOC and Defendants collectively referred to as "the Parties").

## INTRODUCTION

1. EEOC initiated this action on 10/26/21, alleging that Sean Bommarito, a former Managing Partner at the Carrabba's location in Brandon, Florida, subjected female employees to sexual harassment in violation of Title VII of the Civil Rights Act of 1964.

2. The agreement to enter into this Decree shall not be construed as an admission of liability by Defendants as to any allegations by EEOC.

3. In the interest of resolving this matter, and to avoid the cost of litigation, and as a result of having engaged in comprehensive settlement negotiations, the Parties have agreed that

this action should be finally resolved by entry of this Decree. This Decree is final and binding on the Parties, and their respective successors and assigns.

4. No waiver, modification or amendment of any provision of this Decree will be effective unless made in writing and signed by an authorized representative of each of the Parties. By mutual agreement of the Parties, this Decree may be amended or modified in the interests of justice and fairness in order to effectuate the provisions of this Decree.

5. This Decree fully and finally resolves the claims asserted by the Commission in the Complaint filed in this action styled *EEOC v. Carrabba's Italian Grill, LLC, et al.*, Case No. 8:21-cv-2507 (M.D. Fla.), and the underlying EEOC charges of discrimination, Charge Nos. 511-2019-02127, 511-2019-01792, 511-2019-01816, and 511-2019-02126.

6. This Decree constitutes the complete understanding between the Parties with respect to the matters herein.

7. If one or more provisions of this Decree are rendered unlawful or unenforceable, the Parties shall attempt to agree upon what amendments to this Decree, if any, are appropriate to effectuate the purposes of this Decree. In any event, the unaffected provisions will remain enforceable.

8. This Decree does not resolve any charges of discrimination that may be pending with the Commission against either of the Defendants. This Decree in no way affects the EEOC's right to bring, process, investigate or litigate other charges that may be in existence or that may later be filed against Defendants in accordance with standard EEOC procedures.

9. Nothing in this Decree shall be construed to limit or reduce each Defendant's obligations to comply with the statutes enforced by EEOC: Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et seq., ("Title VII"), Title I of the Americans with

Disabilities Act ("ADA"), 42 U.S.C. §12101, as amended, the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§621-633a, the Equal Pay Act ("EPA"), 29 U.S.C. §206(d), and the Genetic Information Nondiscrimination Act of 2008 ("GINA), 42 U.S.C. § 2000f.

## FINDINGS

10. Having carefully examined the terms and provisions of this Decree, and based on the pleadings, record, and stipulations of the Parties, the Court finds the following:

   a. This Court has jurisdiction over the subject matter of this action and the Parties;

   b. The Court will retain jurisdiction for the duration of this Decree;

   c. No party shall contest the jurisdiction of this Court to enforce this Decree and its terms or the right of the Commission to bring an enforcement suit upon alleged breach of any term(s) of this Decree;

   d. The terms of this Decree are adequate, fair, reasonable, equitable, and just. The rights of the class and the public interest are adequately protected by this Decree; and

   e. The terms of this Decree are and shall be binding upon the present and future representatives, agents, directors, officers, successors and assigns of Defendants.

**NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED AS FOLLOWS:**

## DURATION OF DECREE

11. This Decree shall be in effect for a period of 30 months from the date of this Order (the "Effective Date").

12. This Decree will not expire while any enforcement action concerning this Decree is pending.

## GENERAL INJUNCTIVE PROVISIONS

13. Defendants, their officers, agents, servants, employees, successors in interest and all persons acting in concert with them or on their behalf are enjoined from sexually harassing female employees in the Carrabba's locations that are supervised by the Joint Venture Partners ("JVPs") responsible for the Venice, FL Carrabba's location and the Brandon, FL Carrabba's location.[1]

14. Defendants' Managers and Human Resources personnel responsible for implementing Defendants' sexual harassment policies in all Carrabba's locations, and all persons acting in concert with them, shall investigate and respond to (1) complaints of sexual harassment; and to (2) open and visible sexual harassment in the workplace consistent with the policies and procedures set forth in Paragraphs 35 and 36 herein.

## MONETARY RELIEF

15. Defendants shall pay total monetary relief in the amount of $690,000 to be distributed amongst eligible class members as described more fully below.

## CLAIMS ADMINISTRATOR

---

[1] For purposes of this Decree, any reference to "the Carrabba's locations that are supervised by the Joint Venture Partners responsible for the Venice, FL Carrabba's location and the Brandon, FL Carrabba's location" shall include the following Carrabba's stores: Bonita Springs, Bradenton, Brandon, Cape Coral, Fort Myers, Fort Myers II, Gainesville, Naples, South Naples, Ocala, Port Charlotte, Sarasota, St. Petersburg, St Petersburg II, Tampa - Carrollwood, Tampa - Citrus Park, The Villages, University Park, and Venice.

4

16. Within fifteen (15) days of the Effective Date, Defendants shall engage a claims administrator ("Claims Administrator") selected by EEOC, and the Claims Administrator will commence its duties in accordance with this Decree and instructions from the EEOC.

17. The Claims Administrator may provide the following services pursuant to this Decree, consistent with instructions from the EEOC:

   a. create and manage an interest-bearing qualified settlement fund under §486(b) of the Internal Revenue Code (the "Qualified Settlement Fund");

   b. issue payment to eligible class members from the Qualified Settlement Fund as directed by EEOC;

   c. make periodic reports of activities to EEOC;

   d. confer with EEOC regarding administrative matters;

   e. timely issue the appropriate tax related documents (including but not limited to tax returns required to be filed by the Qualified Settlement Fund and 1099 forms for all payments from the Qualified Settlement Fund); and

   f. perform such other administrative tasks as it and EEOC may deem necessary to facilitate the claims administration process.

18. Within thirty (30) days of the Effective Date, Defendants agree to pay $690,000 into the Qualified Settlement Fund established by the Claims Administrator. The Claims Administrator will notify EEOC once the payment is complete.

19. The purpose of the Qualified Settlement Fund is to provide compensatory damage awards to eligible class members.

20. The Claims Administrator will provide Defendants with all information required by Defendants for tax purposes in a timely manner. The Claims Administrator shall be responsible for issuing IRS Form 1099s to the eligible class members as applicable.

21. All costs and expenses relating to the claims administration process shall be paid by Defendants separate and apart from the Qualified Settlement Fund. The Claims Administrator shall bill Defendants on a monthly basis. The costs and expenses for the Claims Administrator shall not exceed $10,000.

22. If Defendants fail to tender the payment described in Paragraph 18, then Defendants shall pay interest on the defaulted payments at a rate calculated pursuant to 26 U.S.C. §6621(b) until the same is paid, and bear any additional costs incurred by the EEOC caused by the non-compliance or delay, including but not limited to any and all costs arising out of EEOC's efforts to enforce this Decree in federal court.

23. In the event that checks are returned and/or the Qualified Settlement Fund is not completely distributed to eligible class members for any reasons, EEOC may direct the Claims Administrator to allocate the remaining funds to the eligible class members as additional compensatory damages and/or equally to the Pace Center for Girls - Hillsborough or the Helen Gordon Davis Centre for Women.

**CLAIMS ADMINISTRATION**

24. EEOC shall attempt to contact by letter and/or telephone each non-managerial female employee who worked with former Managing Partner Sean Bommarito at the Brandon, Florida Carrabba's location from May 2018 until Defendants terminated Mr. Bommarito in November 2018 to determine whether she was subject to harassment at Carrabba's. Eligible class members who wish to recover monetary compensation must tell EEOC within an EEOC-

6

established timeline. The time may be extended by the EEOC at EEOC's sole discretion but will be no later than 150 days from the Effective Date.

25. Claims may also be made on behalf of deceased class members through representatives of their estate or next of kin if appropriate documentation is provided. EEOC will have the final authority to determine the validity of claims filed on behalf of deceased class members.

26. EEOC will, in its sole discretion, make the final eligibility determination as to which class members are eligible to receive monetary compensation (the "eligible class members"). Likewise, EEOC shall be the sole determiner of the amount of monetary relief to be received by any eligible class member under this Decree. In determining the amount of monetary relief to be awarded to each eligible class member, EEOC shall consider (1) the severity of the sexual harassment, (2) the duration for which each class member endured the sexual harassment, (3) whether each class member was personally sexually harassed or experienced a hostile work environment, and (4) the emotional harm suffered by each class member.

27. Once EEOC has made its initial determination, it will provide Defendants with a copy of the proposed list. Defendants will have seven days to provide any information to EEOC that they believe may give EEOC good reason to adjust its initial determinations.

28. After reviewing any such information, EEOC will notify each eligible class member in writing of the amount of her monetary award, if any, and of the anticipated date on which EEOC plans to seek approval of the allocation of the settlement funds. EEOC will advise each class member that she may object to the amount of her monetary award by submitting any written objections to the allocation of the settlement funds to the EEOC at a physical address and/or

e-mail address designated by the EEOC. The notification of award may indicate that the award is subject to review by the Court only.

29. Each class member will receive a Release (attached as Exhibit 2) and will be notified that in order to receive monetary payments under this Decree, she must execute and deliver such Release to the EEOC. The Release will become effective upon the entry of a Court Order approving the allocation of settlement funds. The EEOC or Claims Administrator will provide a copy of each Release to Defendants.

30. Prior to having the Claims Administrator distribute money from the Qualified Settlement Fund, EEOC shall file a motion with the district court seeking approval of the allocation of money. The motion shall include (1) a proposed distribution list containing an identification code and proposed settlement amount for each eligible class member and/or the nonprofit organizations designated in Paragraph 23; (2) a copy of any timely objections; and (3) a copy of any untimely objections.

31. EEOC will provide the Defendants with the distribution list three (3) days prior to the filing of the motion seeking approval of the allocation of money. Defendants agree they will not object to the distribution list, but shall be free to respond in good faith to any questions from the Court.

32. The Court shall review the proposed distribution of payments and, if it finds the settlement is not unlawful, unreasonable, or inequitable, shall enter an Order approving the allocation of the Qualified Settlement Fund and directing that the Claims Administrator issue checks in accordance with that allocation.

33. Within thirty (30) days of the Court's Order approving the allocation of the Qualified Settlement Fund, the Claims Administrator shall issue and mail any check(s) as set forth in the distribution list.

## REVIEW OF EEO POLICIES

34. Within sixty (60) days of the Effective Date, Defendants shall review and, if necessary, revise their existing equal employment opportunity ("EEO") policies and procedures and internal complaint procedures for complaints of discrimination, harassment, and retaliation for complaining about, reporting or otherwise opposing the same.

35. Defendants' policies shall, at a minimum:

   a. Clearly define prohibited conduct and specifically prohibit sex-based harassment, discrimination, and/or retaliation against all employees.

   b. Prohibit sexually harassing conduct at all restaurant locations and state that sexually harassing conduct will not be tolerated from employees; guests; and contractors.

   c. Provide examples of prohibited conduct, including but not limited to the following:

   Verbal: Jokes, insults and innuendoes based on sex; degrading or profane sexual remarks; comments or questions about a person's body or sex life; pressures for sexual favors; and use of inappropriate sexually offensive language.

   Non-Verbal: kissing, massaging, lewd gestures or staring; groping, hugging, and patting; intentionally standing too close or brushing against a person's body, displaying sexually suggestive or degrading pictures; displaying or

9

watching sexually suggestive or degrading videos, including but not limited to pornography.

d. Designate the EthicsPoint Hotline as the confidential workplace hotline which employees may use to submit complaints of discrimination, harassment and/or retaliation;

e. Identify that complaints of sex-based harassment, discrimination, and/or retaliation may be made to the complainant's Managing Partner, Joint Venture Partner, or through the EthicsPoint Hotline;

f. Expressly provide that a report need not be made to the alleged harasser;

g. Require Managers, Managing Partners, and Joint Venture Partners to promptly escalate all verbal and written complaints of prohibited harassment they receive and/or witness to the EthicsPoint Hotline for investigation. Defendants shall warn Managers, Managing Partners, and Joint Venture Partners that a failure to promptly escalate such complaints may result in discipline up to and including discharge; and

h. Assure that if an allegation of retaliation against any employee is substantiated, then such conduct will result in appropriate discipline, up to and including discharge.

36. The internal complaint procedure shall, at a minimum, clearly state that:

a. The investigator(s) will interview the complainant and witnesses privately, outside the presence of the accused;

b. Defendants will promptly commence a thorough investigation that shall be conducted by a person trained to conduct such investigations, and complete

the investigation within thirty (30) business days, absent extenuating circumstances;

c. The investigator(s) will interview appropriate relevant and available witnesses, including the complainant, and review all appropriate relevant and available documents;

d. Defendants will advise the complainant of any final resolution of the investigation within five (5) business days after the conclusion of the investigation, absent extenuating circumstances, and will document the conversation in the investigative file;

e. EthicsPoint will memorialize verbal complaints made to the EthicsPoint Hotline. Defendants will maintain written records of all investigatory steps, including interview notes, the resolution of complaint, and any remedial action taken;

f. The investigator(s) will follow up with the complainant within thirty (30) business days after resolution of the complaint to inquire whether the complainant believes that he or she has been subjected to further harassment, discrimination, or retaliation, absent extenuating circumstances; and

g. The complainant shall not be required to confront his or her harasser face-to-face as part of the investigative process.

37. Within ninety (90) days of the Effective Date of this Agreement, Defendants shall provide the EEOC with a copy of the policies and procedure described in this Paragraphs 35 and 36, including the revised internal complaint procedure. Upon receipt, the EEOC shall have fifteen (15) days to review and/or comment on the policies and procedure. EEOC will review the policy

only for compliance with this Section, and can provide comment or request revision due to non-compliance.

38. To the extent that Defendants' policies were revised as a result of this Section, Defendants shall (1) make available on their intranet the revised policy described in this Section to their restaurant employees, including hourly, management, supervisory, and human resources employees, within thirty (30) days of its adoption, and (2) notify those employees of its availability by sending them a link to the revised policy;

39. New employees will be given access to and review a copy of the revised policy described in this Review of EEO Policies Section ("Section") through Defendants' standard onboarding process at the outset of their employment.

## TRAINING

40. All Defendants' (a) HR employees that oversee Carrabba's restaurants within the JVP regions that include the Venice, FL Carrabba's location and the Brandon, FL Carrabba's location and (b) Managers or Managing Partners who work at Carrabba's locations within those JVP regions shall be required to attend a live two-hour training program[2] annually during the duration of this Decree. The program shall include training on how to recognize discrimination/harassment, training on how to take preventative and corrective measures against discrimination/harassment, responsibilities of managers under equal employment opportunity laws and Defendants' policies, training on how to properly handle complaints of discrimination and/or harassment in a neutral manner, and how to prevent retaliation. The initial annual training must be concluded within one hundred and eighty (180) days after the Effective Date of this Decree.

---

[2] To the extent a training is delivered via Zoom or a similar platform, the trainer and all participants must have videos turned on and be visible throughout the training.

41. Beginning one hundred and eighty (180) days after the Effective Date, within fourteen (14) days of their hire, all new non-supervisory employees who work at Carrabba's locations within the JVP regions that include the Venice, FL Carrabba's location and the Brandon, FL Carrabba's location shall be required to view a virtual interactive training on preventing discrimination and harassment. Defendants shall ensure that the training is developed and administered by instructors with expertise in anti-harassment and anti-discrimination matters. The training shall be 45 minutes in length and shall include instruction on equal employment opportunity rights and responsibilities, including, but not limited to, Title VII's prohibitions against sexual/sex-based harassment or retaliation, Defendants' policies and procedures for reporting and handling complaints of sexual/sex-based harassment or retaliation; and "bystander intervention training," (i.e. instruction that will emphasize that a co-worker who observes workplace harassment should report it to management). The training shall be interactive, requiring trainees to answer questions about the topics and scenarios presented through the training.

42. Defendants shall give EEOC three (3) weeks' notice of all annual training to occur under Paragraph 40. EEOC may attend any live training to occur under this paragraph.

**NOTICE**

43. Within ten (10) days after the Effective Date, Defendants shall post a laminated copy of the Notice attached as Exhibit 1 in the Brandon, FL and Venice, FL Carrabba's locations. The Notices shall be posted in a conspicuous location easily accessible to and commonly frequented by Defendants' employees. The Notices shall remain posted for the duration of the Decree, and Defendants shall take reasonable steps to ensure that the posting is not altered, defaced, or covered by any other material. Defendants shall certify to EEOC in writing within fifteen (15) business days after entry of this Decree that the Notices have been properly posted.

## REPORTING

44. Beginning six months after the Effective Date, and at six-month intervals thereafter for the duration of the Decree, Defendants shall provide the EEOC with a written report that shall contain:

   a. A certification that Defendants have completed all trainings required by the Decree;

   b. A certification that the Notices remained posted for the entire period as required by the Decree;

   c. A report of all complaints of sex harassment made by Defendants' employees within the JVP regions that include the Brandon, FL and Venice, FL Carrabba's locations within the last six (6) months, which shall include all complaints whether verbal or written, formal or informal. The description shall include the nature of each complaint received, including any provided name and title of the alleged discriminator, name, telephone number, and address of the applicant or employee making the complaint, relevant dates, and what action (if any) Defendants took in response to the complaint. If there are no complaints of discrimination or retaliation, Defendants shall indicate the same.

## DISPUTE RESOLUTION

45. In the event that a party to this Decree believes that another party has failed to comply with any provision of this Decree, the complaining party shall notify the other party of the alleged non-compliance within fifteen (15) business days of the discovery of the alleged non-compliance and shall afford the alleged non-complying party fifteen (15) business days to remedy the alleged non-compliance or to satisfy the complaining party that the alleged non-complying party has complied.

46. If the alleged non-complying party has not remedied the alleged non-compliance or satisfied the complaining party that it has complied within fifteen (15) business days, the complaining party may apply to the Court for appropriate relief.

### NOTIFICATION TO SUCCESSORS

47. Defendants shall provide prior written notice to any successor of the EEOC's lawsuit, allegations raised in the EEOC's complaint, and the existence and contents of this Decree.

### CONTACT FOR REPORTING REQUIREMENT

48. All reports, notices and other documents required hereunder to be delivered to EEOC shall be sent to Regional Attorney Robert E. Weisberg, Re: Carrabba's Consent Decree, Equal Employment Opportunity Commission, Miami Tower, 100 S.E. 2nd Street, Suite 1500, Miami, Florida 33131 and mdoconsentdecreecompliance@eeoc.gov.

### COSTS

49. Each party to this Decree shall bear its own expenses, attorney fees, and costs associated with this litigation and the Consent Decree.

**SO ORDERED, ADJUDGED AND DECREED,** this \_\_\_\_ day of _____.

_____
JUDGE_____
UNITED STATES DISTRICT JUDGE

AGREED TO:

FOR THE PLAINTIFF, EQUAL EMPLOYMENT OPPORTUNITY COMMISSION:

By: _____  Date: _____

Robert Weisberg
Digitally signed by Robert Weisberg
Date: 2021.10.26 08:59:25 -04'00'

Robert E. Weisberg, Esq.

Regional Attorney for U.S. Equal Employment Opportunity Commission
Florida Bar No. 285676
Miami District Office
Miami Tower, 100 S.E. 2nd Street, Suite 1500
Miami, Florida 33131
Tel: (305) 808-1789
Fax: (305) 808-1835
E-Mail: robert.weisberg@eeoc.gov


AGREED TO:

FOR DEFENDANT: Carrabba's Italian Grill, LLC

By: _____  Date: October 25, 2021

Name: Gregg Scarlett
Title: COO

FOR DEFENDANT: OS Restaurant Services, LLC

By: _____  Date: October 25, 2021

Name: Gregg Scarlett
Title: COO

16



# EXHIBIT 1
# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

1.      This <u>NOTICE</u> to all employees of Carrabba's Italian Grill, LLC and/or OS Restaurant Services, LLC (collectively Defendants) is being posted and provided as part of a Consent Decree between Defendants and the U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION ("EEOC") in Civil Action No. _____, which alleged that a former Managing Partner subjected female employees in the Brandon, Florida Carrabba's to sexual harassment. Defendants, as part of the resolution of this matter, are posting this Notice to reflect their commitment to a workplace free of sexual harassment.

2.      Title VII protects individuals from employment discrimination, including harassment, because of their sex. Additionally, Title VII protects employees from retaliation for making charges, testifying, assisting, or participating in enforcement proceedings. Defendants will not condone employment discrimination of any kind as set forth in federal anti-discrimination laws. It is the policy of Defendants to offer employment opportunities to all qualified employees and applicants, regardless of sex, race, color, religion, national origin, age, disability, or other protected characteristic. Defendants does not tolerate intentional discrimination in violation of the provisions of Title VII of the Civil Rights Act of 1964. as amended; the Age Discrimination in Employment Act (ADEA); Genetic Information Nondiscrimination Act of 2008 (GINA); or the Equal Pay Act (EPA) of 1963, or the Americans with Disabilities Act (ADA), as amended

3.      As part of this decree, Defendants agreed to:
- make a payment to each female employee who was subjected to sexual harassment by the former Managing Partner while working at the Brandon, FL Carrabba's between May 2018 and November 2018 and;
- review their EEO policies governing sexual harassment and sexual harassment investigations;
- train certain employees on sexual harassment; and
- adopt reporting measures to ensure compliance with the Consent Decree.

4.      The EEOC is the federal agency responsible for enforcing the federal laws described above and receiving complaints regarding their violation.  EEOC maintains offices throughout the United States, and can be contacted at 1-800-669-4000 and www.eeoc.gov.

5.      This <u>NOTICE</u> will remain posted for 30 months FROM DATE OF SIGNATURE.

SIGNED this ____ day of _____, 2021.

_____

## **RELEASE AND WAIVER**

IN CONSIDERATION OF SETTLEMENT FUNDS RECEIVED, under that certain Consent Decree dated _____ ("Effective Date"), in connection with the resolution of EEOC v. Carrabba's Italian Grill, LLC, et al, Case No. _____ (M.D. Fla.), I hereby provide the following release/waiver of claims against Carrabba's Italian Grill, LLC; OS Restaurant Services, LLC; Bloomin' Brands, Inc.; and OSI Restaurant Partners, LLC.

I hereby knowingly, voluntarily, irrevocably and unconditionally waive and release all claims, actions, damages of any sort, costs, expenses and attorneys' fees, and liabilities of any nature whatsoever for sexual harassment or retaliation arising under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991, that were included in the Complaint filed by the EEOC, from May 2018 to the Effective Date of the Consent Decree.

Date: _____

Full Name: _____
    [Claimant Name Printed]

Mailing Address: _____

_____

_____

Social Security Number: _____

Signature: _____